### UNITED STATES DISTRICT COURT
### DISTRICT OF MAINE

| | |
|---|---|
| HARRIETT F. MOULTON,  )  )  *Plaintiff*  )  )  v.  )  )  JO ANNE B. BARNHART,  )  **Commissioner of Social Security,**  )  )  *Defendant*  ) | *Docket No. 04-150-P-C* |

### *REPORT AND RECOMMENDED DECISION*[1]

This Supplemental Security Income ("SSI") appeal raises the question whether the commissioner properly found the plaintiff's alleged shortness of breath to be non-severe. I recommend that the decision of the commissioner be affirmed.

In accordance with the commissioner's sequential evaluation process, 20 C.F.R. § 416.920; *Goodermote v. Secretary of Health & Human Servs.*, 690 F.2d 5, 6 (1st Cir. 1982), the administrative law judge found, in relevant part, that the plaintiff lacked the residual functional capacity ("RFC") to lift or carry more than twenty pounds occasionally, frequently handle, or climb ladders, ropes or scaffolds; was unable to balance, stoop, kneel, crouch, crawl or climb ramps or stairs more than occasionally; and should avoid concentrated exposure to fumes, odors, dust, gases and poor

---

[1] This action is properly brought under 42 U.S.C. § 1383(c)(3). The commissioner has admitted that the plaintiff has exhausted her administrative remedies. The case is presented as a request for judicial review by this court pursuant to Local Rule 16.3(a)(2)(A), which requires the plaintiff to file an itemized statement of the specific errors upon which she seeks reversal of the commissioner's decision and to complete and file a fact sheet available at the Clerk's Office. Oral argument was held before me on May 19, 2005 pursuant to Local Rule 16.3(a)(2)(C), requiring the parties to set forth at oral argument their respective positions with citations to relevant statutes, regulations, case authority and page references to the administrative record.

ventilation, Finding 5, Record at 21; that, were she capable of performing the full range of light work, Rule 202.21 of Table 2, Appendix 2 to Subpart P, 20 C.F.R. § 404 (the "Grid") would direct a finding of not disabled in view of her age (41, a "younger individual"), education (associate's degree in culinary arts) and work experience (no transferable work skills), Findings 7-10, *id.*; that, using the Grid as a framework for decision-making, she was capable of making a successful vocational adjustment to work existing in significant numbers in the national economy, Finding 11, *id.*; and that she therefore was not under a disability at any time through the date of decision, Finding 12, *id.* The Appeals Council declined to review the decision, *id.* at 5-7, making it the final determination of the commissioner, 20 C.F.R. § 416.1481; *Dupuis v. Secretary of Health & Human Servs.*, 869 F.2d 622, 623 (1st Cir. 1989).

The standard of review of the commissioner's decision is whether the determination made is supported by substantial evidence. 42 U.S.C. § 1383(c)(3); *Manso-Pizarro v. Secretary of Health & Human Servs.*, 76 F.3d 15, 16 (1st Cir. 1996). In other words, the determination must be supported by such relevant evidence as a reasonable mind might accept as adequate to support the conclusion drawn. *Richardson v. Perales,* 402 U.S. 389, 401 (1971); *Rodriguez v. Secretary of Health & Human Servs.*, 647 F.2d 218, 222 (1st Cir. 1981).

The administrative law judge reached Step 5 of the sequential process, at which stage the burden of proof shifts to the commissioner to show that a claimant can perform work other than her past relevant work. 20 C.F.R. § 416.920(f); *Bowen v. Yuckert*, 482 U.S. 137, 146 n.5 (1987); *Goodermote*, 690 F.2d at 7. The record must contain positive evidence in support of the commissioner's findings regarding the plaintiff's residual work capacity to perform such other work. *Rosado v. Secretary of Health & Human Servs.*, 807 F.2d 292, 294 (1st Cir. 1986).

The plaintiff's argument also implicates Step 2 of the sequential process. Although a claimant

bears the burden of proof at Step 2, it is a *de minimis* burden, designed to do no more than screen out groundless claims. *McDonald v. Secretary of Health & Human Servs.*, 795 F.2d 1118, 1123 (1st Cir. 1986). When a claimant produces evidence of an impairment, the commissioner may make a determination of non-disability at Step 2 only when the medical evidence "establishes only a slight abnormality or combination of slight abnormalities which would have no more than a minimal effect on an individual's ability to work even if the individual's age, education, or work experience were specifically considered." *Id.* at 1124 (quoting Social Security Ruling 85-28).

The plaintiff complains that the administrative law judge erred in finding her alleged shortness of breath, or dyspnea, non-severe.[2] *See* Plaintiff's Itemized Statement of Errors ("Statement of Errors") (Docket No. 9) at 4-6. I find no reversible error.

## I. Discussion

In November 2001 the plaintiff underwent a left upper lobectomy – a procedure in which surgeons removed the cancerous upper lobe of her left lung. *See, e.g.*, Record at 235-36, 308. At her hearing, held on August 14, 2003, she complained, *inter alia*, that she (i) generally had difficulty breathing, (ii) would be unable to breathe or lift at all if in a room "with a ton of smoke[,]" (iii) could not go up and down stairs more than a couple of times without being completely out of breath, and (iv) needed to stop to catch her breath after walking only half a block toward her neighborhood market. *See id.* at 27, 34, 43, 61-62. She admitted that she continued to smoke cigarettes. *See id.* at 43.

The administrative law judge declined to find her alleged breathing difficulty severe, reasoning:

> While the claimant has complained of shortness of breadth [sic] on exertion since the
> time of her surgery, examinations have demonstrated that her lungs are clear to

---

[2] Dyspnea is defined as "[s]hortness of breath, a subjective difficulty or distress in breathing, usually associated with disease of the heart or lungs; occurs normally during intense physical exertion or at high altitude." Stedman's Medical Dictionary 556 (27th ed. 2000).

>auscultation without wheezes, rales, rhonchi, or crackles. In spite of her history of lung cancer, her alleged severe shortness of breath, and recommendations by physicians that she cease tobacco use, the claimant continued to smoke cigarettes as of the date of the hearing. Furthermore, the evidence of record also demonstrates that the claimant smokes marijuana on a frequent basis. In a note dated February 8, 2002, the claimant's pulmonologist, William B. Williams, M.D., stated that the claimant was capable of returning to work without any restrictions whatsoever at that time.

*Id*. at 16 (citations omitted).

The plaintiff complains that the administrative law judge erred in judging her dyspnea so insignificant as not to vault the *de minimis* hurdle of Step 2 given (i) his lack of acknowledgement of objective evidence documenting a decline in breathing capacity (including results of a post-operative August 2002 pulmonary function test as compared with a pre-operative July 2001 test and results of an April 2003 stress test that revealed "moderate dyspnea at low levels of exertion"), and (ii) his misplaced emphasis on the fact that she continued to smoke, despite lack of any medical evidence indicating that continuation of this habit further compromised her respiratory function. *See* Statement of Errors at 4-6.

Even assuming *arguendo* that the administrative law judge did err at Step 2 in so finding, any such error was harmless. Ultimately, at Steps 4 and 5, he essentially adopted the RFC findings of Disability Determination Services ("DDS") non-examining consultants Lawrence P. Johnson, M.D., and Iver C. Nielson, M.D., *see* Record at 19, 307-14 (RFC assessment dated August 16, 2002 by Dr. Lawrence Johnson), 393-400 (RFC assessment dated December 19, 2002 by Dr. Nielson), which in turn relied heavily on a report of DDS examining consultant Steven G. Johnson, M.D., *see id*. at 302-03 (report dated August 10, 2002 by Dr. Steven Johnson).

In his report, Dr. Steven Johnson noted the plaintiff's subjective complaints that she had "one flight dyspnea and persistent cough secondary to gastroesophageal reflux disease." *Id*. at 302. He further found, on examination, that she had "decreased breath sounds on the left side and diffused

4

rhonchi on the right" with "no prolonged expiratory phase." *Id*. at 303. He concluded, in relevant part, that she "would be restricted from climbing and walking more than a quarter mile" and that he "would limit her lifting and carrying to the moderate range because of her dyspnea." *Id*. Drs. Lawrence Johnson and Nielson, in turn, reflected these findings (in varying degrees) in their RFC assessments. Both non-examining consultants concluded that the plaintiff was limited to lifting and/or carrying no more than twenty pounds occasionally and ten pounds frequently. *See id*. at 308, 394. Dr. Nielson, who also specifically noted the results of the August 2002 pulmonary function test, *compare id*. at 304 *with id*. at 394, went even further. He determined, in relevant part, that the plaintiff could never climb ladders, ropes or scaffolds, could climb ramps and stairs only occasionally, could balance, stoop, kneel, crouch and crawl only occasionally and needed to avoid concentrated exposure to fumes, odors, dusts, gases, poor ventilation, etc. *See id*. at 395, 397. The administrative law judge adopted, and posited to the vocational expert at hearing, an RFC substantially similar in all relevant respects to that found by Dr. Nielson. *See* Finding 5, *id*. at 21; *see also id*. at 64-65. Inasmuch as the administrative law judge, at Steps 4 and 5 of the sequential evaluation process, factored into the plaintiff's RFC limitations attributable to her dyspnea, any error in failing to deem the condition severe at Step 2 was harmless.

## II. Conclusion

For the foregoing reasons, I recommend that the commissioner's decision be **AFFIRMED**.

### *NOTICE*

*A party may file objections to those specified portions of a magistrate judge's report or proposed findings or recommended decisions entered pursuant to 28 U.S.C. § 636(b)(1)(B) for which de novo review by the district court is sought, together with a supporting memorandum, within ten (10) days after being served with a copy thereof. A responsive memorandum shall be filed within ten (10) days after the filing of the objection.*

*Failure to file a timely objection shall constitute a waiver of the right to de novo review by*

*the district court and to appeal the district court's order.*

      Dated this 24th day of May, 2005.

                                                  /s/ David M. Cohen
                                                  David M. Cohen
                                                  United States Magistrate Judge